IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARENA PHARMACEUTICALS, INC.,<br>356 ROYALTY INC. and EISAI INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LTD. and<br>AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. ______________________ |

**COMPLAINT**

Plaintiffs Arena Pharmaceuticals, Inc. and 356 Royalty Inc. (collectively, "Arena") and Eisai Inc. ("Eisai," and together with Arena, "Plaintiffs"), for their Complaint against Defendants Aurobindo Pharma Limited ("Aurobindo Ltd.") and Aurobindo Pharma USA, Inc. ("Aurobindo USA," and together with Aurobindo Ltd., "Aurobindo") hereby allege as follows:

**THE PARTIES**

1. Plaintiff Arena Pharmaceuticals, Inc. is a Delaware corporation having a principal place of business at 6154 Nancy Ridge Drive, San Diego, CA 92121.

2. Plaintiff 356 Royalty Inc. is a Delaware corporation having a principal place of business at 6154 Nancy Ridge Drive, San Diego, CA 92121.

3. 356 Royalty Inc. is a wholly owned subsidiary of Arena Pharmaceuticals, Inc.

4. Plaintiff Eisai is a Delaware corporation having a principal place of business at 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

5. Upon information and belief, Defendant Aurobindo Ltd. is an Indian corporation having a place of business at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad – 500038, Andhra Pradesh, India. Upon information and belief, Defendant Aurobindo Ltd., itself and through its wholly owned subsidiary and agent, Aurobindo USA, sells various drug products in the United States, including in this judicial district.

6. Upon information and belief, Defendant Aurobindo USA is a Delaware corporation and wholly owned subsidiary and agent of Defendant Aurobindo Ltd., having a place of business at 279 Princeton Hightstown Rd., East Windsor, New Jersey 08520. Upon information and belief, Defendant Aurobindo USA sells various drug products in the United States, including in this judicial district.

## NATURE OF THE ACTION

7. This is a civil action concerning the infringement of United States Patent Nos. 6,953,787 ("the '787 patent"), 7,514,422 ("the '422 patent"), 7,977,329 ("the '329 patent"), 8,207,158 ("the '158 patent"), 8,273,734 ("the '734 patent"), and 9,770,455 ("the '455 patent") (collectively, "the patents-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Aurobindo USA because it is a Delaware corporation.

10. This Court has personal jurisdiction over both Aurobindo Ltd. and Aurobindo USA by virtue of, *inter alia*, the fact that they have committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious act of patent infringement

that has led to foreseeable harm and injury to Plaintiffs Arena and Eisai. This Court has personal jurisdiction over Aurobindo Ltd. and Aurobindo USA for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

11. This Court has personal jurisdiction over both Aurobindo Ltd. and Aurobindo USA for the additional reasons that, *inter alia*, Aurobindo Ltd. and Aurobindo USA (1) have substantial, continuous, and systematic contacts with this State, (2) intend to market, sell, and/or distribute generic pharmaceutical drug products to residents of this State, including the generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 209414, (3) maintain a broad distributorship network within this State, and (4) enjoy substantial income from sales of generic pharmaceutical products in this State.

12. This Court also has personal jurisdiction over both Aurobindo Ltd. and Aurobindo USA because they have previously been sued in this district and have not challenged personal jurisdiction, and they have affirmatively availed themselves of the jurisdiction of this Court by filing counterclaims in this district. *See, e.g.*, *Boehringer Ingelheim Pharmaceuticals Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 18-1757-CFC, D.I. 12 (D. Del.), *Allergan Sales, LLC v. Aurobindo Pharma USA, Inc.*, C.A. No. 18-118-GMS, D.I. 8 (D. Del.).

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENTS-IN-SUIT

14. On October 11, 2005, the '787 patent, titled "$5HT_{2C}$ Receptor Modulators," was issued. A copy of the '787 patent is attached as Exhibit A.

15. On April 7, 2009, the '422 patent, titled "$5HT_{2C}$ Receptor Modulators," was issued. A copy of the '422 patent is attached as Exhibit B.

16. On July 12, 2011, the ’329 patent, titled “$5HT_{2C}$ Receptor Modulators,” was issued. A copy of the ’329 patent is attached as Exhibit C.

17. On June 26, 2012, the ’158 patent, titled “$5HT_{2C}$ Receptor Modulators,” was issued. A copy of the ’158 patent is attached as Exhibit D.

18. On September 25, 2012, the ’734 patent, titled “$5HT_{2C}$ Receptor Modulators,” was issued. A copy of the ’734 patent is attached as Exhibit E.

19. On September 26, 2017, the ’455 patent, titled “Administration of an Anti-Obesity Compound to Individuals with Renal Impairment,” was issued. A copy of the ’455 patent is attached as Exhibit F.

**ACTS GIVING RISE TO THIS ACTION**

20. Arena owns the patents-in-suit and Eisai is an exclusive licensee of the patents-in-suit. Eisai holds New Drug Application (“NDA”) No. 022529 for oral tablets containing 10 mg of the active pharmaceutical ingredient lorcaserin hydrochloride. Eisai markets and sells these tablets in the United States under the brand name “Belviq®.”

21. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA’s publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the “Orange Book”) as covering “Belviq®” or its use.

22. Upon information and belief, Aurobindo submitted ANDA No. 209414 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)). Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(III) of the Federal Food, Drug, and Cosmetic Act, Aurobindo originally certified in ANDA No. 209414 that it seeks approval to engage in the commercial manufacture, use, sale, or offer for sale of tablets containing 10 mg of lorcaserin hydrochloride (“the Aurobindo ANDA Product”) after the expiration of the’787, ’422, ’329, ’158, and ’734 patents.

23. Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Aurobindo has subsequently recertified its ANDA No. 209414 to allege that the claims of the patents-in-suit are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Aurobindo ANDA Product, and seek approval to engage in the commercial manufacture, use, sale, or offer for sale of the Aurobindo ANDA Product prior to the expiration of the patents-in-suit.

24. Upon information and belief, by filing ANDA No. 209414, Aurobindo has represented to the FDA that the Aurobindo ANDA Product has the same active ingredient as Belviq®, and has the same or substantially the same proposed labeling as Belviq®.

25. Plaintiffs received written notification of Aurobindo's ANDA No. 209414 and its accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '787, '422, '329, '158, and '734 patents by overnight mail dated March 19, 2019 ("Aurobindo's 2019 Notice Letter"). Plaintiffs received written notification of Aurobindo's ANDA No. 209414 and its accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '455 patent by overnight mail dated March 29, 2018.

26. This action was commenced within 45 days of Plaintiffs receiving Aurobindo's 2019 Notice Letter.

**FIRST COUNT**
**<u>INFRINGEMENT OF U.S. PATENT NO. 6,953,787</u>**

27. Plaintiffs re-allege paragraphs 1-26 as if fully set forth herein.

28. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the '787 patent separate and apart from any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA

Product, Aurobindo did not set forth an opinion that any claim of the ’787 patent is invalid based on a ground other than obviousness and/or anticipation.

29. Aurobindo’s submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the ’787 patent under 35 U.S.C. § 271(e)(2)(A).

30. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the ’787 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the ’787 patent.

31. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo’s ANDA No. 209414 be a date that is not earlier than the expiration of the ’787 patent, or any later expiration of exclusivity for the ’787 patent to which Plaintiffs are or become entitled.

32. Plaintiffs will be irreparably harmed by Aurobindo’s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

33. Upon information and belief, Aurobindo was aware of the existence of the ’787 patent and was aware that the filing of its ANDA and certification with respect to the ’787 patent constituted an act of infringement of that patent.

**SECOND COUNT**
**INFRINGEMENT OF U.S. PATENT NO. 7,514,422**

34. Plaintiffs re-allege paragraphs 1-33 as if fully set forth herein.

35. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the ’422 patent separate and apart from

any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion that any claim of the ’422 patent is invalid based on a ground other than obviousness and/or anticipation.

36. Aurobindo’s submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the ’422 patent under 35 U.S.C. § 271(e)(2)(A).

37. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the ’422 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the ’422 patent.

38. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo’s ANDA No. 209414 be a date that is not earlier than the expiration of the ’422 patent, or any later expiration of exclusivity for the ’422 patent to which Plaintiffs are or become entitled.

39. Plaintiffs will be irreparably harmed by Aurobindo’s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

40. Upon information and belief, Aurobindo was aware of the existence of the ’422 patent and was aware that the filing of its ANDA and certifications with respect to the ’422 patent constituted an act of infringement of that patent.

**THIRD COUNT**
**INFRINGEMENT OF U.S. PATENT NO. 7,977,329**

41. Plaintiffs re-allege paragraphs 1-40 as if fully set forth herein.

42. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the ’329 patent separate and apart from any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion that any claim of the ’329 patent is invalid based on a ground other than obviousness and/or anticipation.

43. Aurobindo’s submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the ’329 patent under 35 U.S.C. § 271(e)(2)(A).

44. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the ’329 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the ’329 patent.

45. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo’s ANDA No. 209414 be a date that is not earlier than the expiration of the ’329 patent, or any later expiration of exclusivity for the ’329 patent to which Plaintiffs are or become entitled.

46. Plaintiffs will be irreparably harmed by Aurobindo’s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

47. Upon information and belief, Aurobindo was aware of the existence of the ’329 patent and was aware that the filing of its ANDA and certifications with respect to the ’329 patent constituted an act of infringement of that patent.

**FOURTH COUNT**
**INFRINGEMENT OF U.S. PATENT NO. 8,207,158**

48. Plaintiffs re-allege paragraphs 1-47 as if fully set forth herein.

49. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the ’158 patent separate and apart from any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion that any claim of the ’158 patent is invalid based on a ground other than obviousness and/or anticipation.

50. Aurobindo’s submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the ’158 patent under 35 U.S.C. § 271(e)(2)(A).

51. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the ’158 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the ’158 patent.

52. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo’s ANDA No. 209414 be a date that is not earlier than the expiration of the ’158 patent, or any later expiration of exclusivity for the ’158 patent to which Plaintiffs are or become entitled.

53. Plaintiffs will be irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

54. Upon information and belief, Aurobindo was aware of the existence of the '158 patent and was aware that the filing of its ANDA and certifications with respect to the '158 patent constituted an act of infringement of that patent.

**FIFTH COUNT**
**INFRINGEMENT OF U.S. PATENT NO. 8,273,734**

55. Plaintiffs re-allege paragraphs 1-54 as if fully set forth herein.

56. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the '734 patent separate and apart from any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion that any claim of the '734 patent is invalid based on a ground other than obviousness and/or anticipation.

57. Aurobindo's submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the '734 patent under 35 U.S.C. § 271(e)(2)(A).

58. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the '734 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the '734 patent.

59. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo's ANDA

No. 209414 be a date that is not earlier than the expiration of the ’734 patent, or any later expiration of exclusivity for the ’734 patent to which Plaintiffs are or become entitled.

60. Plaintiffs will be irreparably harmed by Aurobindo’s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

61. Upon information and belief, Aurobindo was aware of the existence of the ’734 patent and was aware that the filing of its ANDA and certifications with respect to the ’734 patent constituted an act of infringement of that patent.

**SIXTH COUNT**
**<u>INFRINGEMENT OF U.S. PATENT NO. 9,770,455</u>**

62. Plaintiffs re-allege paragraphs 1-61 as if fully set forth herein.

63. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion of noninfringement for any claim of the ’455 patent separate and apart from any assertions of invalidity of that claim. In its Notice Letters for the Aurobindo ANDA Product, Aurobindo did not set forth an opinion that any claim of the ’455 patent is invalid based on a ground other than obviousness.

64. Aurobindo’s submission of ANDA No. 209414 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certifications, constitutes infringement of the ’455 patent under 35 U.S.C. § 271(e)(2)(A).

65. Upon information and belief, the commercial manufacture, offer to sell, sale, or import of the Aurobindo ANDA Product, if approved by the FDA, prior to the expiration of the ’455 patent, for use in accordance with its proposed labeling would infringe and/or induce and/or contribute to the infringement of the ’455 patent.

66. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo's ANDA No. 209414 be a date that is not earlier than the expiration of the '455 patent, or any later expiration of exclusivity for the '455 patent to which Plaintiffs are or become entitled.

67. Plaintiffs will be irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

68. Upon information and belief, Aurobindo was aware of the existence of the '455 patent and was aware that the filing of its ANDA and certifications with respect to the '455 patent constituted an act of infringement of that patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A. Aurobindo has infringed one or more claims of the '787 patent;

B. Aurobindo has infringed one or more claims of the '422 patent;

C. Aurobindo has infringed one or more claims of the '329 patent;

D. Aurobindo has infringed one or more claims of the '158 patent;

E. Aurobindo has infringed one or more claims of the '734 patent;

F. Aurobindo has infringed one or more claims of the '455 patent;

G. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Aurobindo ANDA No. 209414 shall not be a date that is earlier than the latest expiration date of any of the patents-in-suit, including any applicable exclusivities or extensions;

H. That Aurobindo, its officers, agents, servants and employees, and those persons acting in concert, participation, or in privity with any of them, and their successors or assigns, be preliminarily and permanently enjoined from commercially manufacturing, using,

offering for sale, selling, or importing into the United States the Aurobindo ANDA Product and any other product that infringes or induces or contributes to the infringement of one or more claims of the patents-in-suit prior to their expiration, including any exclusivities or extensions to which Plaintiffs are or become entitled;

I. That Plaintiffs be awarded the attorney fees, costs and expenses that they incur in prosecuting this action; and

J. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
araucci@mnat.com

*Attorneys for Plaintiffs*
*Arena Pharmaceuticals, Inc.,*
*356 Royalty Inc., and Eisai Inc.*

OF COUNSEL:

Bruce M. Wexler
Young J. Park
Melanie R. Rupert
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000


May 1, 2019